**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

JUSTIN A. JEFFERSON,

    Plaintiff - Appellant,

v.

MOSES ANDRE STANCIL, Director of
the State of Colorado Department of
Corrections; CHRIS LOBANOV-
ROSTOVSKY, Head of the Sex Offender
Management Board, in his official
capacity; AMANDA RETTING, Head of
the Sex Offender Management Board, in
his official capacity; SLOBHAN
BARTLOW, Warden of the Fremont
Correctional Facility, in his official
capacity; SHANNON FOLTZ, Therapist at
Fremont Correctional Facility, in her
official capacity; JAMES BAILEY,
Therapist at Fremont Correctional Facility,
in his official capacity; J.R. HALL, Head
of the Parole Board, in their official
capacity,

    Defendants - Appellees.

No. 25-1153
(D.C. No. 1:23-CV-01773-PAB-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

Justin A. Jefferson appeals from the dismissal of his pro se action challenging several policies of the Colorado Department of Corrections (CDOC) Sex Offender Treatment and Monitoring Program (SOTMP). The district court dismissed the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Jefferson is serving an indeterminate sentence of ten years to life under Colorado's Sex Offender Lifetime Supervision Act, Colo. Rev. Stat. §§ 18-1.3-1001 to -1012. A magistrate judge distilled the allegations in the third amended complaint into three claims averring that CDOC officials violated Jefferson's: 1) Fourteenth Amendment rights by conditioning his eligibility for parole on his participation in SOTMP and by denying him enrollment in 2020, while he was appealing his convictions; 2) Fifth Amendment right against compelled self-incrimination by requiring that he admit guilt, submit to a polygraph examination, and disclose his complete sexual history; and 3) First Amendment rights by prohibiting him from possessing sexually explicit material.

The magistrate judge recommended that the action be dismissed. The magistrate judge first observed that prison policies impinging on constitutional rights, including SOTMP policies conditioning Jefferson's enrollment on his willingness and ability to comply with SOTMP rules, are permissible if they are reasonably

2

related to legitimate penological interests.  *See* R. vol. I at 235-36 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

But the magistrate judge determined Jefferson lacked standing to assert his Fourteenth Amendment claim because he sought injunctive relief for the alleged denial of enrollment in 2020, yet he filed this lawsuit in 2023, after he had already enrolled in SOTMP, admitted guilt, and concluded his appeal.  The magistrate judge noted that, although he sought monetary damages against defendants Folz and Bailey, his only relevant allegations indicated they compelled him to submit a reenrollment form in 2023, *see* R. vol. I at 147, and he was not denied treatment at that time.

As for the remaining claims, the magistrate judge determined Jefferson failed to allege facts showing SOTMP's policies requiring him to admit guilt, submit to a polygraph examination, and disclose his sexual history were not rationally related to a legitimate penological interest.  The magistrate judge reached the same conclusion regarding Jefferson's First Amendment claim:  he failed to allege facts showing the restrictions on his possession of sexually explicit materials were not reasonably related to legitimate penological interests.

Over Jefferson's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the action.  Jefferson appealed.

II

We review de novo the district court's dismissal under Rule 12(b)(6).  *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).  "To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state

3

a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). The plausibility standard requires that "the complaint . . . plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (internal quotation marks omitted). There must be factual allegations to plausibly infer that the SOTMP policies are not reasonably related to any legitimate penological interest. *See Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012). Although we afford Jefferson's pro se materials a liberal construction, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### A. Fourteenth Amendment Denial of SOTMP Enrollment

Jefferson contends the district court incorrectly dismissed his Fourteenth Amendment claim under *Turner*. But the district court dismissed the Fourteenth Amendment claim for lack of standing. Because Jefferson does not challenge the district court's standing analysis, we affirm the dismissal of this claim. *See Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming dismissal of claim where appellant failed to challenge the basis for the district court's dismissal).

### B. Fifth Amendment Self-Incrimination

Jefferson also contends the district court erred in dismissing his Fifth Amendment claim challenging SOTMP policies conditioning his treatment on him admitting guilt, submitting to a polygraph examination, and disclosing his

complete sexual history.  He says these policies violate his privilege against compelled self-incrimination.

The Fifth Amendment provides that "[n]o person shall . . . be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  But "[w]hat might be viewed as an unreasonable infringement of a fundamental constitutional right were it to occur outside of prison may be valid in prison as long as the infringement is reasonably related to legitimate penological objectives, which include rehabilitation, deterrence and security."  *Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991).  Rehabilitation of sex offenders is a legitimate penological interest.  *McKune v. Lile*, 536 U.S. 24, 36 (2002).  Indeed, "[t]he state's interest in rehabilitating sex offenders is a valid one, and the requirement for admission of responsibility is considered a legitimate part of the rehabilitative process."  *Searcy v. Simmons*, 299 F.3d 1220, 1228 (10th Cir. 2002); *see also McKune*, 536 U.S. at 33 ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault.  States thus have a vital interest in rehabilitating convicted sex offenders." (citation omitted)).

Here, the challenged policies all advance the state's legitimate penological interest in rehabilitating Jefferson as a convicted sex offender, and Jefferson did not plead any facts suggesting otherwise.  He alleged the SOTMP policies requiring him to admit guilt, submit to a polygraph examination, and disclose his complete sexual history as a condition of treatment constitute compulsion because he "faces a penalty significantly more serious than that" in *McKune*—*viz.*, denial of treatment and the

loss of parole eligibility.  R. vol. I at 149-50.  In *McKune*, the Court considered a similar Fifth Amendment claim that an inmate was compelled to incriminate himself under threat of lost privileges and better housing if he refused to admit responsibility for his crimes, disclose his complete sexual history, and submit to a polygraph examination to verify the accuracy and completeness of his responses.  536 U.S. at 30-31.  Under those circumstances, a plurality of the Court upheld the rehabilitative scheme, explaining that "[a]cceptance of responsibility . . . demonstrates that an offender is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary."  *Id.* at 36-37 (internal quotation marks omitted).

　　*McKune* recognized that requiring sex offenders to admit guilt, disclose their sexual histories, and submit to a polygraph examination advance the state's interest in rehabilitation.  *Id.* at 48.  Although Jefferson denies the efficacy of treatment, "[t]herapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism."  *Id.* at 33.  That Jefferson could elect to voluntarily forego his eligibility for discretionary parole by choosing to reject SOTMP's rules does not diminish the state's interest in his rehabilitation, nor does it reflect compulsion.  *See Searcy*, 299 F.3d at 1226 (recognizing state's interest in rehabilitation notwithstanding inmate's lost opportunity to earn discretionary good-time credits if he refused to admit guilt); *see also Nowak v. Suthers*, 320 P.3d 340, 348 (Colo. 2014) ("The grant

of parole [in Colorado] is a privilege, not a right.").  Any impact on Jefferson's parole eligibility is "simply not the result of his refusal to incriminate himself, but [rather is] a consequence of his inability to complete rehabilitation."  *Searcy*, 299 F.3d at 1227.

Jefferson also contends that requiring him to disclose his complete sexual history could result in his prosecution for additional crimes, demonstrating his risk of self-incrimination.  But the state's policy of requiring sex offenders to disclose their sexual histories, even with the potential for incrimination, "is one central to its mission of rehabilitating sex offenders," *Searcy*, 299 F.3d at 1227*; see also McKune*, 536 U.S. at 34 (affirming the validity of the Kansas rehabilitative scheme, even though "Kansas does not offer legal immunity from prosecution based on any statements made in the course of [treatment]").  Thus, the district court correctly dismissed this claim because Jefferson failed to plead any facts plausibly alleging that SOTMP policies are not reasonably related to the state's legitimate penological interest in rehabilitating sex offenders.

*C.  First Amendment Access to Sexually Explicit Materials*

Finally, Jefferson disputes the dismissal of his First Amendment claim, which challenged SOTMP's prohibition on his access to sexually explicit materials.  The district court declined to consider Jefferson's objection to the magistrate judge's decision, ruling it was not sufficiently specific to preserve review under our firm waiver rule.  *See United States v. B.N.M.*, 107 F.4th 1152, 1168 (10th Cir. 2024) (explaining that "failure to timely object to a magistrate's recommendations waives

7

appellate review of both factual and legal questions," and "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute is sufficient" (brackets and internal quotation marks omitted)).  Jefferson merely stated that he "preserve[d]" his claim "to be addressed by the ruling authority of the Supreme Court at such time."  R. vol. I at 252.

On appeal, Jefferson offers various arguments ostensibly supporting the merits of his claim, but he does not challenge the district court's application of the firm waiver rule.  As a result, we decline to consider the district court's dismissal. *See Nixon*, 784 F.3d at 1369.

### III

The district court's judgment is affirmed.  Jefferson's motion for clarification, Dkt. No. 36, which seeks to certify to the Supreme Court a question of *Turner's* continuing validity, is denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge